# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRODUCTION SERVICE & SALES DISTRICT COUNCIL PENSION FUND AND ITS BOARD OF TRUSTEES, | ) ) ) ) |
| *Plaintiff,* | ) Civil Action No. 3:15-cv-08984-FLW-DEA |
| vs. | ) |
| NORTHEASTERN PLASTICS, INC., AMERICAN INTERNATIONAL INDUSTRIES, INC., AMERICAN INTERNATIONAL HOLDINGS CORP., and AMERICAN INTERNATIONAL TEXAS PROPERTIES, INC., | ) **AMERICAN INTERNATIONAL INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| *Defendants.* | ) |

**CABRERA CAMMAROTA PLLC**

Jennifer M. Cabrera
10 Connecticut Street
Cranford, NJ 07016
Tel: 1-646-470-0805
jennifer@panlegal.net

Attorney for Defendant
American International Industries, Inc.

*March 30, 2016*

## STATEMENT PURSUANT TO L. CIV. R. 10.1

Defendant Northeastern Plastics, Inc. ("NPI") is a Nevada corporation headquartered at 14221 Eastex Freeway, Houston, Texas 77032. Defendant American International Industries, Inc. ("AMIN") is a Nevada corporation headquartered at 601 Cien Street, Suite 235, Kemah, Texas 77565. Defendant American International Holdings Corp. ("AIHC") is a Nevada corporation headquartered at 601 Cien Street, Suite 235, Kemah, Texas 77565. Defendant American International Texas Properties, Inc. ("AITP" and, together with NPI, AMIN, and AIHC, the "Defendants") is a Nevada corporation headquartered at 601 Cien Street, Suite 235, Kemah, Texas 77565. Defendants are without knowledge or information sufficient to form a belief as to the Plaintiff's place of incorporation or headquarters.

## ANSWER TO PLAINTIFF'S COMPLAINT

1. Paragraph 1 is a legal contention to which no admission or denial is required.

2. AMIN does not contest jurisdiction.

3. AMIN does not contest venue.

4. Paragraph 4 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, AMIN is without sufficient knowledge or information to form a belief as to its truth or falsity.

5. Paragraph 5 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, AMIN is without sufficient knowledge or information to form a belief as to its truth or falsity.

6. AMIN is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraph 6.

7. AMIN is without sufficient knowledge or information to form a belief as to the truth

2

or falsity of Paragraph 7.

8. Paragraph 8 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, AMIN is without sufficient knowledge or information to form a belief as to its truth or falsity.

9. AMIN admits the allegations contained in paragraph 9.

10. AMIN admits the allegations contained in paragraph 10.

11. AMIN admits the allegations contained in paragraph 11.

12. AMIN admits the allegations contained in paragraph 12.

13. AMIN admits the allegations contained in paragraph 13.

14. Paragraph 14 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, AMIN is without sufficient knowledge or information to form a belief as to its truth or falsity.

15. Paragraph 15 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, AMIN is without sufficient knowledge or information to form a belief as to its truth or falsity.

16. Paragraph 16 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, AMIN is without sufficient knowledge or information to form a belief as to its truth or falsity.

17. Paragraph 17 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, AMIN is without sufficient knowledge or information to form a belief as to its truth or falsity.

18. AMIN denies the allegations contained in paragraph 18.

19. AMIN admits the allegations contained in paragraph 19.

20. AMIN admits the allegations contained in paragraph 20.

21. AMIN denies the allegations contained in paragraph 21.

22. AMIN admits the allegations contained in paragraph 22.

23. AMIN admits the allegations contained in paragraph 23.

24. AMIN admits the allegations contained in paragraph 24.

25. AMIN admits the allegations contained in paragraph 25.

26. AMIN admits the allegations contained in paragraph 26.

27. AMIN admits the allegations contained in paragraph 27.

28. AMIN denies the allegations contained in paragraph 28.

29. AMIN denies the allegations contained in paragraph 29.

## AFFIRMATIVE DEFENSES

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

30. Any such failure was due to reasonable cause and not to willful neglect pursuant to limitations on damages and penalty provisions of Section 1332.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred, in whole or in part, by the equitable defenses of waiver, laches, equitable estoppel, unclean hands, and/or copyright misuse.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

32. Plaintiff's Complaint, and each claim contained therein, fails to state any claim upon which relief can be granted.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

33. The claims made in the Complaint are barred, in whole or in part, because AMIN is not liable for the acts of others over whom it has no control.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

34. The claims made in the Complaint are barred, in whole or in part, because AMIN is no longer the owner of NPI's shares.

## PRAYER FOR RELIEF

**WHEREFORE**, AMIN prays for judgment as follows:

(i) That Plaintiff take nothing on its claims against AMIN;

(ii) That Plaintiff be denied any recovery whatsoever; and

(iii) That AMIN be awarded costs and any other relief to which AMIN shows it is entitled.

Dated: Cranford, New Jersey
March 30, 2016

Respectfully submitted by

Jennifer M. Cabrera (JC5816)
**CABRERA CAMMAROTA PLLC**
10 Connecticut Street
Cranford, NJ 07016
1-646-470-0805
jennifer@panlegal.net

*Attorney for Defendant*
*American International Industries, Inc.*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

To the best of my knowledge, I hereby certify that the matter in controversy is not the subject of any other litigation in any other court, arbitration, or administrative proceeding.

Dated:    Cranford, New Jersey
          March 30, 2016

                                        Respectfully submitted by


                                        _____
                                        Jennifer M. Cabrera (JC5816)
                                        **CABRERA CAMMAROTA PLLC**
                                        10 Connecticut Street
                                        Cranford, NJ 07016
                                        1-646-470-0805
                                        jennifer@panlegal.net

                                        *Attorney for Defendant*
                                        *American International Industries, Inc.*