# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRODUCTION SERVICE & SALES DISTRICT COUNCIL PENSION FUND AND ITS BOARD OF TRUSTEES, | |
| *Plaintiff,* | Civil Action No. 3:15-cv-08984-FLW-DEA |
| vs. | |
| NORTHEASTERN PLASTICS, INC., AMERICAN INTERNATIONAL INDUSTRIES, INC., AMERICAN INTERNATIONAL HOLDINGS CORP., and AMERICAN INTERNATIONAL TEXAS PROPERTIES, INC., | **NORTHEASTERN PLASTICS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| *Defendants.* | |

**CABRERA CAMMAROTA PLLC**

Jennifer M. Cabrera
10 Connecticut Street
Cranford, NJ 07016
Tel: 1-646-470-0805
jennifer@panlegal.net

Attorney for Defendant
Northeastern Plastics, Inc.

*March 30, 2016*

**STATEMENT PURSUANT TO L. CIV. R. 10.1**

Defendant Northeastern Plastics, Inc. ("NPI") is a Nevada corporation headquartered at 14221 Eastex Freeway, Houston, Texas 77032.  Defendant American International Industries, Inc. ("AMIN") is a Nevada corporation headquartered at 601 Cien Street, Suite 235, Kemah, Texas 77565.  Defendant American International Holdings Corp. ("AIHC") is a Nevada corporation headquartered at 601 Cien Street, Suite 235, Kemah, Texas 77565.  Defendant American International Texas Properties, Inc. ("AITP" and, together with NPI, AMIN, and AIHC, the "Defendants") is a Nevada corporation headquartered at 601 Cien Street, Suite 235, Kemah, Texas 77565.  Defendants are without knowledge or information sufficient to form a belief as to the Plaintiff's place of incorporation or headquarters.

**ANSWER TO PLAINTIFF'S COMPLAINT**

1. Paragraph 1 is a legal contention to which no admission or denial is required.

2. NPI does not contest jurisdiction.

3. NPI does not contest venue.

4. Paragraph 4 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, NPI is without sufficient knowledge or information to form a belief as to its truth or falsity.

5. Paragraph 5 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, NPI is without sufficient knowledge or information to form a belief as to its truth or falsity.

6. NPI is without sufficient knowledge or information to form a belief as to the truth or falsity of Paragraph 6.

7. NPI is without sufficient knowledge or information to form a belief as to the truth or

2

falsity of Paragraph 7.

8. Paragraph 8 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, NPI is without sufficient knowledge or information to form a belief as to its truth or falsity.

9. NPI admits the allegations contained in paragraph 9.

10. NPI admits the allegations contained in paragraph 10.

11. NPI admits the allegations contained in paragraph 11.

12. NPI admits the allegations contained in paragraph 12.

13. NPI admits the allegations contained in paragraph 13.

14. Paragraph 14 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, NPI is without sufficient knowledge or information to form a belief as to its truth or falsity.

15. Paragraph 15 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, NPI is without sufficient knowledge or information to form a belief as to its truth or falsity.

16. Paragraph 16 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, NPI is without sufficient knowledge or information to form a belief as to its truth or falsity.

17. Paragraph 17 is a legal contention to which no admission or denial is required and, to the extent factual assertions are made or implied, NPI is without sufficient knowledge or information to form a belief as to its truth or falsity.

18. NPI denies the allegations contained in paragraph 18.

19. NPI admits the allegations contained in paragraph 19.

20. NPI admits the allegations contained in paragraph 20.

21. NPI denies the allegations contained in paragraph 21.

22. NPI admits the allegations contained in paragraph 22.

23. NPI admits the allegations contained in paragraph 23.

24. NPI admits the allegations contained in paragraph 24.

25. NPI admits the allegations contained in paragraph 25.

26. NPI admits the allegations contained in paragraph 26.

27. NPI admits the allegations contained in paragraph 27.

28. NPI denies the allegations contained in paragraph 28.

29. NPI denies the allegations contained in paragraph 29.

## AFFIRMATIVE DEFENSES

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

30. Any such failure was due to reasonable cause and not to willful neglect pursuant to limitations on damages and penalty provisions of Section 1332.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred, in whole or in part, by the equitable defenses of waiver, laches, equitable estoppel, unclean hands, and/or copyright misuse.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

32. Plaintiff's Complaint, and each claim contained therein, fails to state any claim upon which relief can be granted.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

33. The claims made in the Complaint are barred, in whole or in part, because NPI is not liable for the acts of others over whom it has no control.

**PRAYER FOR RELIEF**

WHEREFORE, NPI prays for judgment as follows:

(i) That Plaintiff take nothing on its claims against NPI;

(ii) That Plaintiff be denied any recovery whatsoever; and

(iii) That NPI be awarded costs and any other relief to which NPI shows it is entitled.

Dated:   Cranford, New Jersey
March 30, 2016

Respectfully submitted by

_____
Jennifer M. Cabrera (JC5816)
**CABRERA CAMMAROTA PLLC**
10 Connecticut Street
Cranford, NJ 07016
1-646-470-0805
jennifer@panlegal.net

*Attorney for Defendant*
*Northeastern Plastics, Inc.*

5

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

To the best of my knowledge, I hereby certify that the matter in controversy is not the subject of any other litigation in any other court, arbitration, or administrative proceeding.

Dated:  Cranford, New Jersey
 March 30, 2016

Respectfully submitted by

Jennifer M. Cabrera (JC5816)
**CABRERA CAMMAROTA PLLC**
10 Connecticut Street
Cranford, NJ 07016
1-646-470-0805
jennifer@panlegal.net

*Attorney for Defendant*
*Northeastern Plastics, Inc.*